UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00515-FWS-ADS            Date: June 3, 2024
Title: Ceberiana Pastrana v. Nissan North America, Inc.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [11]**

       Before the court is Plaintiff Ceberiana Pastrana's ("Plaintiff") Motion to Remand (the "Motion" or "Mot.") (Dkt. 11). Defendant Nissan North America, Inc. filed an Opposition ("Opp.") on May 2, 2024. (Dkt. 15.) Plaintiff filed a Reply ("Reply") on May 8, 2024. (Dkt. 16.) The court took this matter under submission on May 22, 2024. (Dkt. 20.) Based on the state of the record, as applied to the applicable law, the court **DENIES** the Motion.

**I.    Background**

       On March 27, 2022, Plaintiff purchased a 2021 Nissan Altima, having Vehicle Identification Number ("VIN") 1N4BL4CV8MN401499 ("Vehicle"). Plaintiff alleges that the Vehicle was delivered to them with serious defects and nonconformities to warranty and subsequently developed other serious defects and nonconformities to warranty including, but not limited to, suspension, steering, and transmission system defects. Due to these defects, Plaintiff alleges that Defendant breached the written, express, and implied warranties. (*See* Dkt. 1-1, ¶¶ 9-12, 17, 18, 32-38, 45.)

       As a result, Plaintiff filed this action in Orange County Superior Court on March 30, 2023. (Dkt. 1-1, ("Complaint" or "Compl.").) In the Complaint, Plaintiff alleges three claims related to the Vehicle's defects which include three violations of the Song-Beverly Consumer

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00515-FWS-ADS                                                   Date: June 3, 2024
Title: Ceberiana Pastrana v. Nissan North America, Inc.

Warranty Act, Cal. Civ. Code §§ 1790 *et seq.* ("Song Beverly Act") for breach of express and implied warranty and violation of Cal. Civ. Code §1793.2(b).  (*Id*.)

On March 11, 2024, Defendant removed to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Dkt. 1, ("Notice of Removal").)  In the Notice of Removal, Defendant alleges that removal was timely and proper because they first became aware of the amount in controversy, as asserted by the Plaintiff, rendering the action removable on March 1, 2024.  *Id*.  Defendant also alleges that Plaintiff is a citizen of California, Defendant is a citizen of Delaware and Tennessee, and the amount in controversy exceeds $75,000.  (*See id*. at 4-5.)

On April 10, 2024, Plaintiff filed the Motion to remand this action to state court, alleging Notice of Removal was untimely filed and thus procedurally defective.  (Mot. at 6.)

## II.     Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally.  28 U.S.C. § 1441(a).  "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."  *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).  Diversity jurisdiction requires both complete diversity between the parties and an amount in controversy greater than $75,000.  *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "Removal statutes are 'strictly construed, and any doubt about the right of removal requires resolution in favor of remand.'"  *Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024) (quoting *Moore-Thomas v. Alaska*

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00515-FWS-ADS                                              Date: June 3, 2024
Title: Ceberiana Pastrana v. Nissan North America, Inc.

*Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)). "A defendant seeking removal has the burden of establishing that removal is proper." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). A defendant's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Because "§ 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," the defendant's "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014).

"The mechanics and requirements for removal are governed by 28 U.S.C. § 1446." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). "Section 1446(b) identifies two thirty-day periods for removing a case." *Id*. "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." *Id*. The Ninth Circuit has held that for the first thirty-day removal period to apply, "the ground for removal must be revealed affirmatively in the initial pleading." *Id*. If the ground for removal does not appear from the face of the initial pleading, the second thirty-day removal period is triggered when "the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Id*.

### III. Discussion

#### A. Motion to Remand

In the Motion, Plaintiff argues that the case should be remanded to Orange County Superior Court because the Notice of Removal was filed more than thirty days after service of the summons and complaint, thus rendering their motion procedurally defective. (*See* Mot. at 6-7). In opposition, Defendant contends that service of the summons and complaint did not trigger the first thirty-day removal period identified in § 1446(b) because the ground for removal, diversity jurisdiction, does not appear on the face on the Complaint. Specifically, Defendant argues that the Complaint does not allege facts showing that the amount in controversy exceeds $75,000. (Opp. at 1.) Defendant argues that the second thirty-day removal period identified in § 1446(b) was triggered when Defendant was able to determine the amount in controversy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00515-FWS-ADS                                     Date: June 3, 2024
Title: Ceberiana Pastrana v. Nissan North America, Inc.

through an investigation which concluded on March 1, 2024. (*Id*. at 2.) The Notice of Removal was filed after on March 11, 2024. (*Id*. at 11.)

The court finds that service of the summons and complaint did not trigger the first thirty-day removal period, because the Complaint does not allege facts demonstrating that the amount in controversy exceeds $75,000. (*See* Dkt. 1-1.) The Complaint seeks damages, including with regard to the recission of the vehicle sales contract and restitution of all monies expended, diminution in value, a civil penalty in the amount of twice actual damages and reasonable attorneys' fees. (*See generally* Compl.) However, the Complaint does not list a dollar amount corresponding to the damages. For example, the Complaint does not allege the sale price of the Vehicle or any other specific measure of damages, nor does it allege the amount of attorneys' fees and costs incurred. Without information sufficiently providing an amount in controversy, the presence of diversity jurisdiction is not "revealed affirmatively in the initial pleading" as necessary to trigger the first thirty-day removal period. *Kuxhausen*, 707 F.3d at 1139.

In the Reply,[1] Plaintiff argues that given Defendant's sophistication and knowledge of the motor vehicle industry, Defendant had the ability to ascertain an approximation of the Vehicle's

---

[1] The court notes that Plaintiff raises two additional arguments not contained in the Motion as addressed in this and the following paragraph of this Order. But, "[D]istrict court[s] need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citation omitted); *see also FT Travel--New York, LLC v. Your Travel Ctr., Inc.*, 112 F. Supp. 3d 1063, 1079 (C.D. Cal. 2015) ("Courts decline to consider arguments that are raised for the first time in reply.") (collecting cases). However, the court, in its discretion, considers these arguments, in this and the following paragraph of this Order. In addition, Plaintiff's counsel raised an additional argument at the hearing on the motion, (Dkt. 20), stating, in summary, that an earlier state superior court case management statement ("Purported CMC Statement") provided a basis for removal, thus, making Defendant's Notice of Removal untimely. However, Plaintiff's counsel never supplied the Purported CMC Statement in any pleading related to litigating the Motion, and did not present the document in a timely manner. Moreover, the court finds counsel for the Plaintiff's statements on the record regarding the Purported CMC Statement does not provide a sufficient basis to support Plaintiff's argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00515-FWS-ADS                                    Date: June 3, 2024
Title: Ceberiana Pastrana v. Nissan North America, Inc.

market value based on the make, model, year and VIN alleged in the complaint. *See* Reply at 6. But removability is not determined "through subjective knowledge" but rather through an "objective analysis of the pleadings," *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 at 694, 697 and it was "not clear from the four corners of the Complaint that the amount in controversy is met." *Cuevas v. Ford Motor Co.*, 2022 WL 1487178, at *2 (C.D. Cal. May 11, 2022) (denying motion to remand Song-Beverly case regarding allegedly defective leased car based on related timeliness issue); *Holdings v. Ford Motor Co.*, 2022 WL 2235815, at *2 (C.D. Cal. Feb. 22, 2022) (denying motion to remand and rejecting "argument that Defendant was given notice by the case caption page indicating that damages exceeded $25,000" because "[D]efendants need not make extrapolations or engage in guesswork" to determine the basis for removability") (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)).

Based on the record, the court finds that the thirty-day removal clock properly started on March 1, 2024, when Defendant, through investigation, determined the amount in controversy could be satisfied. Because the cost of the vehicle was discovered to be $53,627.00 and Plaintiff could be entitled to twice that amount in civil penalties ($107,254.00) (*See* Notice of Removal at 7), it became plausible that the amount in controversy could exceed the $75,000 threshold. The court notes that Defendant then filed a notice of removal ten days after obtaining this information. (*See* Opp at 1.) Therefore, the court concludes removal was timely under Section 1446(b)(3).

**IV.   Disposition**

For the reasons set forth above, Plaintiff's Motion is **DENIED**.

Initials of Deputy Clerk:  mku

---

*See DNA Genotek Inc. v. Spectrum Solutions L.L.C.*, 671 F. Supp. 3d 1105, 1134 (S.D. Cal. 2023) (quoting *Icon Health & Fitness, Inc. v. Strava, Inc.*, 849 F.3d 1034, 1043 (Fed. Cir. 2017)) ("Attorney argument is not evidence.").